## BRODERICK v AUGUST et

Ohio Common Pleas, Hamilton Co

Decided July 19, 1935

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for plaintiff.

Paxton & Seasongood, Cincinnati, Bettinger, Schmitt & Kreis, Cincinnati, Denman, Miller & Beatty, Toledo, Carhart, Warner & Carhart, Marion, and George & Leasure, Zanesville, for various defendants.

## OPINION

By MORROW, J.

The superintendent of banks of New York State filed an action in this county against thirty-nine Ohio defendants, three of whom were residents of this county. These defendants were stockholders of the Bank of the United States, a New York City Bank, now, and then, being liquidated by plaintiff.

Plaintiff states in paragraph 3 of his petition that the outstanding stock, of par value of $25.00 per share, aggregates a capital of $25,250,000. He states in paragraph 6 of his petition that the debts of the bank, over and above the reasonable value of its assets, is a sum in excess of $30,000,000.

The plaintiff is the one charged by law of New York State with the duty of liquidating the bank, and his petition seeks to recover the full statutory liability from each of the stockholders. The petition cites the banking laws of the state of New York, which provide, in substance, that stockholders of a New York state bank are liable, in the event a bank breaks, for an amount equal to the par value of their stock.

Certain of the defendants in this suit who are non-residents of this county ask that summons be quashed as to them, for the reason (briefly stated) that the statutes of Ohio provide, in effect, that an action must be brought against a defendant where he resides, unless he is jointly liable with another defendant, or is a necessary party. They cite §§11282, 11277 and 11255, GC.

We do not consider it necessary to set forth these statutes.

Here is a case where a bank liquidator from another state comes into one county of this state and files an action in which he seeks to recover the full statutory liability amount against all of the stockholders of his bank who live in this state. His petition, particularly his prayer, by language indicates he is claiming that a certain relationship exists between the defendants, and that his suit is an equitable one by reason of the nature of the obligations of the defendants.

Because of the equitable rule as to contribution and the propriety of causing the pro rata payment from all stockholders it is true that an action against all defendants could be maintained if the amounts sought to be recovered were less than the full liability of the aggregate of stockholders. However, this is not such a case. Notwithstanding what is said in the petition about relationship of defendants and equitable relief, it stands out that each stockholder is sued for the maximum amount of his liability, and offhand, there seems no more connection between the controversy as to stockholder August, of Cleveland Heights, and stockholder Gelb, of this city, for instance, than if each of them owed an equal amount to the plaintiff here for a bill of merchandise.

We are rejecting the reasoning of plaintiff as set forth on page 5 of his brief, and in the paragraph containing the sentence:

"For aught that we know it may be ultimately determined by the court that the stockholders will not have to pay in full, or that if they do pay in full, it may be necessary to return to them a ratable part of their payments. There is a real reason for equitable relief in this case."

In his sworn statement the plaintiff asserts that the amount of debts of the bank are more than 20% greater than the aggregate liability of the stockholders, and it hardly lies in his mouth to now say, for the purposes of this motion, that it may be that the stockholders will not have to pay in full, or it may be necessary to return to them a "ratable part" of their payments. If plaintiff asks for a payment in full he cannot sue the defendants together on the theory that they may not be compelled eventually to pay in full. The fact that the plaintiff sues each defendant for the same amount on a cause of action based upon the same sort of alleged ▇▇▇▇ liability obviously does not make the claims joint claims. Here stockholders of a defunct bank are

sued on their several contract liabilities, which they assumed as part of their obligations bound up in the contract of purchase of the bank stock.

In our opinion there is no more reason for allowing this New York liquidator to cast his dragnet from one end of the state to the other than there would be to allow Henry Ford to sue at one time all his delinquent dealers in Ohio for the price of automobiles delivered, because each dealer had the same sort of contract providing for the purchase of the same sort of merchandise, at the same price, from the plaintiff.

We are mindful of the distinctions between actions for money only, statutory actions, and actions of an equitable nature, as discussed in plaintiff's petition. However, the law of procedure of ▇▇▇▇▇ ▇ the state of Ohio governs, and we do not think this is modified by the language of the New York statute quoted on page 2 of brief of plaintiff, viz:

"In case any such stockholder shall fail or neglect to pay such assessment within the time fixed in said notice, the superintendent shall have a cause of action, in his own name as superintendent of banks, against such stockhoders either **severally or jointly** with other stockholders of such corporation, for the amount of such unpaid assessment or assessments,"

and that "to apply this New York statute" (Plaintiff's brief p. 2) means to allow defendants all over the state of Ohio to be sued together in same action in one county of the state for the full statutory liability, on the theory that the language of the statute authorizing suits against such stockholders "either severally or jointly with other stockholders" means that several liabilities are to be considered in Ohio as joint and several in a case where the petition plainly sues on thirty-nine several liabilities.

Finally, we consider that the case of **Smith v Johnson, 57 Oh St, 486,** in principle, governs this case.

The case of **Blair v Newbegin, 65 Oh St, 425,** concerns an attempt to assess pro rata a stockholder's liability and involves the right of contribution (see last paragraph, p. 441-442) and we do not consider the present case analogous for that reason, nor that the dragnet should be allowed to be used because of plaintiff's claim, in effect, that though he is attempting to collect the full amount, he may later have to give some of it back.

For the reasons given and without discussion of all of the authorities cited in able briefs of counsel, we are finding that the motions to qash service of summons are well taken.